UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY; MEL BUNDY; JASON D. WOODS; DAVE BUNDY; MARYLYNN BUNDY; BRIANA BUNDY; BRETT ROY BUNDY; MAYSA LYNN BUNDY; DALLY ANNE BUNDY; BRONCO CLIVEN BUNDY; PAYTON ALMA BUNDY; PEPER BODEL BUNDY; MONTANA BUNDY; BENTILE BUNDY; PRESLY BUNDY; KYMBER BUNDY; and ADAHLEN BUNDY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; U.S. DEPARTMENT OF JUSTICE; U.S. FEDERAL BUREAU OF INVESTIGATION; U.S. DEPARTMENT OF INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; NADIA AHMED, individually and in her Official Capacity as an Assistant United States Attorney for the U.S. DEPARTMENT OF JUSTICE; STEVEN MYHRE, individually; and in his Official Capacity as an Assistant United States Attorney for the U.S. DEPARTMENT OF JUSTICE; DANIEL BOGDEN, individually and in his Official Capacity as an Assistant United States Attorney for the U.S. DEPARTMENT OF JUSTICE; DANIEL P. LOVE, individually and in his Official Capacity as an Agent for the U.S. DEPARTMENT OF INTERIOR; MARK BRUNK, individually and in his Official Capacity as an Officer for the U.S. BUREAU OF LAND MANAGEMENT; RAND STOVER, individually and in his Official Capacity as an Officer for the U.S. BUREAU OF LAND MANAGEMENT; and JOEL WILLIS, individually and in his Official Capacity as an Officer and Agent of the U.S. FEDERAL BUREAU OF INVESTIGATION; DOES and ROES 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:20-CV-00268-RFB-EJY <br><br> **ORDER** |

1

Before the Court is Plaintiffs' Motion to Extend Time for Service of Process By an Additional Ninety (90) Days (ECF No. 8). No named defendant has been served in this action and, therefore, no response to this Motion will be filed. The Court grants Plaintiffs' Motion for the reasons stated below.

**I.   Background**

Plaintiffs commenced this action when they filed their Complaint on February 6, 2020 (ECF No. 1). On April 28, 2020, Plaintiffs filed a substitution of counsel (ECF No. 6, granted on April 29, 2020, ECF No. 7) because, while prior counsel drafted a thorough complaint, prior counsel is stated to have left out "several material factual allegations" and made "several clerical errors" requiring corrections. ECF No. 8 at 3. Plaintiffs further maintain that the "additional factual averments and clerical corrections, unquestionably, will limit, if not eliminate, pre-answer motion practice which, in turn, will facilitate 'the just, speedy, and inexpensive determination of [this] action.' Fed. R. Civ. P. 1." *Id*. at n.1. Plaintiffs recognize that "[p]ursuant to Fed. R. Civ. P. 4(m), service of process is to be completed by May 6, 2020 (i.e., within 90 days after the complaint was filed)." *Id*. at 3. Plaintiffs state they intend to file an amended complaint no later than May 15, 2020 to correct the issues broadly identified above, and seek to August 4, 2020 to serve the amended complaint. *Id*. at 4. Plaintiff also mentions Covid-19 and the challenges this virus creates with respect to civil litigation. *Id*. at 5-6.

**II.   Discussion**

Federal Rule of Civil Procedure 4(m) sets the standard the Court must consider in this case. Rule 4(m) states, in pertinent part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." To demonstrate good cause, the plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff

would be severely prejudiced if his complaint were dismissed." *MGM Resorts Intern. v. Unknown Registrant of www.imgcasino.com*, Case No. 2:14–cv–01613–GMN–VCF, 2015 WL 669026, at *1 (D. Nev. Feb. 17. 2015) (citation and internal quote marks omitted).

Here, there is no doubt that the Defendants will not suffer prejudice if an extension is granted as they have not been served to date, and the extension is short enough to make it unlikely that the delay in service will impact the availability of documentary or witness evidence.  The extension will also ensure Defendants receive actual notice of the lawsuit and an opportunity to respond as each determines appropriate.  Plaintiffs could be forced into refiling their complaint after dismissal without prejudice upon the expiration of the 90-day service period on May 6, 2020 (measured from the date of the original filing), but engaging in this process is inefficient and illogical under the present circumstances.[1]

### III. Order

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Time for Service of Process By an Additional Ninety (90) Days (ECF No. 8) is GRANTED.  Plaintiffs shall file their amended complaint no later than May 15, 2020, and service must be effectuated no later than August 4, 2020.

DATED:  May 1, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court finds good cause for Plaintiffs' requested extension of time to serve Defendants, the Court does not reach the issue of excusable neglect.

3