UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, individually; MEL BUNDY, individually; JASON D. WOODS, individually; DAVE BUNDY, individually; MARYLYNN BUNDY, individually; BRIANA BUNDY, individually; BRETT ROY BUNDY, individually; MAYSA LYNN BUNDY, individually; DALLY ANN BUNDY, individually; BRONCO CLIVEN BUNDY, individually; PAYTON ALMA BUNDY, individually; MONTANA BUNDY, individually; PEPER BODEL BUNDY, individually; BENTILE BUNDY, individually; PRESLY BUNDY, individually; KYMBER BUNDY, individually; and ADAHLEN BUNDY, individually,<br><br>                                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; NADIA AHMED, | Case No.:  2:20-cv-00268-WQH-EJY<br><br>**ORDER** |

1

individually and in her Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; STEVEN MYHRE, individually and in his Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; DANIEL BOGDEN, individually and in his Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; DANIEL P LOVE, individually and in his Official Capacity as Officer for the U.S. Bureau of Land Management; MARK BRUNK, individually and in his Official Capacity as Special Agent for the U.S. Bureau of Land Management; RAND STOVER, individually and in his Official Capacity as Officer for the U.S. Bureau of Land Management; JOEL WILLIS, individually and in his Official Capacity as an Officer and Agent of the U.S. Federal Bureau of Investigation; DOES 1 through 100; and ROES 1 through 100, inclusive,

                                                                                  Defendants.

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss First Amended Complaint filed by Defendants. (ECF No. 44).

## I.    PROCEDURAL BACKGROUND

      On February 6, 2020, Plaintiffs Jason O'Shaughnessy, Jason D. Woods, Dave Bundy, Marylynn Bundy, Mel Bundy, Briana Bundy, Brett Roy Bundy, and ten Bundy minor children filed a Complaint against several Defendants. (ECF No. 1). On May 20, 2020, Plaintiffs filed a First Amended Complaint ("FAC") against Defendants United

States of America, Assistant United States Attorney ("AUSA") Nadia Ahmed, AUSA Steven Myhre, AUSA Daniel Bogden, Bureau of Land Management ("BLM") Officer Daniel P. Love, BLM Special Agent Mark Brunk, BLM Officer Rand Stover, Federal Bureau of Investigation ("FBI") Agent Joel Willis, Does 1 through 100, and Roes 1 through 100. (ECF No. 11). Plaintiffs bring claims against Defendants in their individual and official capacities under federal law, arising from the alleged deprivation of Plaintiffs' constitutional rights.

On September 22, 2020, Defendants United States, Ahmed, Myhre, Bogden, Brunk, Stover, and Willis filed a Motion to Dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 44). On the same day, Defendant Love filed a Motion for Joinder to Defendants' Motion to Dismiss and Supplemental Briefing. (ECF No. 46). On November 12, 2020, Plaintiffs filed a Consolidated Opposition to the Motion to Dismiss. (ECF No. 52). On December 23, 2020, Defendants filed a Consolidated Reply. (ECF No. 56). On November 16, 2021, Defendant Love filed a Notice of Supplemental Authority. (ECF No. 64).

On November 19, 2021, the Court heard oral argument on the Motion to Dismiss. (ECF No. 65)

## II. ALLEGATIONS IN THE FAC

Plaintiff Dave Bundy, Plaintiff Mel Bundy, and their families have developed a cattle ranch over several generations in the Gold Butte area of Clark County, Nevada. Since 1998, there has been tension between the Bundy family and BLM over cattle grazing permits. In 2014, AUSA Defendants Ahmed, Myhre, and Bogden; BLM Defendants Love, Brunk, and Stover; and FBI Defendant Willis ("collectively [] referred to as the 'GOVERNMENT DEFENDANTS'") "conspired together and orchestrated" a "Cattle Impoundment Operation" to "entice" the Bundy family and their supporters "into an armed confrontation." (ECF No. 11 ¶¶ 24, 35).

The Cattle Impoundment Operation ended in a "standoff" on April 12, 2014. (*Id.* ¶ 39). "Recognizing that [the situation between the Bundy family and the BLM] was rapidly

escalating out of control," Nevada state officials "intervened to de-escalate the matter." (*Id.* ¶ 65). The Governor of Nevada, the Clark County Sheriff, and the Assistant Sheriff "took control of the scene and, through Assistant Clark County Sheriff Joe Lombardo issued orders directing the BLM and GOVERNMENT DEFENDANTS to wind-down their operation and to release the Bundy family's cows from the cattle pen." (*Id.* ¶ 66). BLM Defendant Bogden and BLM Defendant Love "implemented those orders" and "directed federal and state officers to ensure that 'a Bundy,' . . . would pull the pins from the cattle pens." (*Id.* ¶ 67). Non-party "Margaret Houston, a sister of [non-party] Cliven Bundy, ultimately 'pulled the pin' on the cattle pen and released the cattle." (*Id.* ¶ 68).

Following the standoff and cattle release, the GOVERNMENT DEFENDANTS obtained a grand jury indictment against nineteen defendants, including Plaintiffs Dave Bundy, Mel Bundy, O'Shaughnessy, and Woods. Plaintiffs Dave Bundy, Mel Bundy, O'Shaughnessy, and Woods (collectively, "Tier 2 Plaintiffs") were scheduled to be tried in "Tier 2" of the criminal case. (*Id.* ¶ 41). On March 2, 2016, the Tier 2 Plaintiffs were indicted on sixteen criminal counts, including "conspiracy, conspiracy to impede federal officers, assaulting, threatening, extorting, and obstructing federal officers, and four (4) counts of using firearms in crimes of violence." (*Id.*). The grand jury indictment was obtained as a result of the GOVERNMENT DEFENDANTS "presenting fabricated, misleading and perjured evidence and testimony to the Grand Jury." (*Id.* ¶ 92).

> Under the direction, guidance and control of Defendants Ahmed, Myhre and Bogden, Defendants Love, Stover, Brunk and others carefully prepared and fabricated evidence throughout the investigation state of the [criminal case], and knowingly, intentionally and willfully concealed exculpatory evidence regarding the Tier 2 Plaintiffs' innocence and the outrageous, unlawful and unconstitutional aspects of the GOVERNMENT DEFENDANTS' conduct related thereto.

(*Id.* ¶ 49). "[T]he Tier 2 Plaintiffs['] actual conduct (i.e., lawfully protesting the Government's egregious actions, standing, walking, riding horses and taking pictures of Defendants' unlawful conduct) was deceptively described by the GOVERNMENT

DEFENDANTS in their rogue indictment . . . ." (*Id.* ¶ 97). On March 3, 2016, the Tier 2 Plaintiffs were arrested and taken into custody. There "was absolutely no probable cause whatsoever to support any of their arrests." (*Id.* ¶ 93).

In a January 2017 hearing regarding other defendants in "Tier 1" of the criminal case, the judge concluded that there were numerous *Brady* violations by AUSA Defendants Ahmed, Myhre, and Bogden. (*Id.* ¶ 134). The judge concluded that the *Brady* violations amounted to a denial of due process and dismissed the indictments against the Tier 1 defendants in the criminal case. Thereafter, the United States voluntarily moved to dismiss the charges in the criminal case against the Tier 2 Plaintiffs with prejudice. The Tier 2 Plaintiffs were released after twenty-three months in custody.

"Although Plaintiffs Dave Bundy, Mel Bundy, O'Shaughnessy and Woods did not engage in any wrongful conduct," they were wrongfully arrested, detained, imprisoned, prosecuted, and separated from their families. (*Id.* ¶ 40). All Plaintiffs were placed on the "'Prohibited Persons List' for purchasing or otherwise acquiring a weaponed governed by the Gun Control Act, 18 U.S.C. [§] 922(g)." (*Id.* ¶ 139). The families of Plaintiff Dave Bundy and Plaintiff Mel Bundy were "harassed, targeted, repeatedly followed and instigated by the GOVERNMENT DEFENDANTS;" were forced to endure "loss of consortium from the GOVERNMENT DEFENDANTS' imprisonment of Plaintiffs Dave Bundy and Plaintiff Mel Bundy;" and experienced emotional distress and financial, occupational, and reputational harm. (*Id.* ¶ 42).

The FAC alleges the following claims: (1) deprivation of civil rights under 42 U.S.C. § 1983 by the Tier 2 Plaintiffs against the GOVERNMENT DEFENDANTS; (2) deprivation of civil rights under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), by all Plaintiffs against the GOVERNMENT DEFENDANTS; (3) declaratory relief under 42 U.S.C. § 1988 and 28 U.S.C. § 2202 by all Plaintiffs against Defendant United States; and (4) Federal Tort Claims Act ("FTCA") claim under 28 U.S.C. § 2671, *et seq.*, by all Plaintiffs against Defendant United States. Plaintiffs seek damages, declaratory relief, and attorneys' fees and costs.

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)). The court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227

F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In a facial attack, the court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The pleading standards of *Iqbal* and *Twombly* apply. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

## IV. CLAIM 1 – 42 U.S.C. § 1983 (Tier 2 Plaintiffs Against GOVERNMENT DEFENDANTS)

Defendants assert that the FAC fails to state a claim under 42 U.S.C. § 1983. Defendants contend that the FAC does "not allege any acts under color of state law" by Defendants Ahmed, Myhre, Brunk, Stover, or Willis. (ECF No. 44 at 15). Defendants contend that "[t]here is no plausible inference" from the allegations against Defendant Bogden and Defendant Love that "winding-down the operation or the alleged instruction to Margaret Houston violated [the Tier 2] Plaintiffs' Constitutional rights." (*Id.* at 16). Defendants further contend that the § 1983 claim is barred by the two-year statute of limitations, and Defendants are entitled to absolute and qualified immunity.

The Tier 2 Plaintiffs assert that the FAC sufficiently states a claim under § 1983. The Tier 2 Plaintiffs contend that "the Government Defendants were acting in furtherance of the Nevada state representatives' directives issued under Nevada state law . . . and their conspired plan to ensure that 'a Bundy' . . . would pull the pin from the cattle pens" in order to criminally prosecute the Tier 2 Plaintiffs. (ECF No. 52 at 13). The Tier 2 Plaintiffs contend that "the pin removal/cattle release acts (conduct directed and performed under color of Nevada law) served as the catalyst from which all of the Defendants' fabricated criminal theories against the Tier 2 Plaintiffs originated" and caused the deprivation of the Tier 2 Plaintiffs' constitutional rights. (*Id.*). The Tier 2 Plaintiffs further contend that the §

1983 claim was timely filed, and Defendants are not entitled to absolute or qualified immunity.

To state a claim for violation of § 1983 by an individual defendant, the plaintiff must allege (1) that the defendant caused the plaintiff to be deprived of a right secured by the Constitution or laws of the United States (2) while acting under color of state law. *See Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Id.* at 633 (emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The plaintiff must link each defendant's actions or inactions with the plaintiff's claims by setting forth "specific facts as to each individual defendant's" actions. *Id.* at 634.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, § 1983 "provides no cause of action against federal agents acting under the color of federal law." *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). "Federal officials do not become 'state actors' unless the State has so far insinuated itself into a position of interdependence with . . . the federal officials that it must be recognized as a joint participant in the challenged activity." *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992). "To transform a federal official into a state actor, [the plaintiff] must show that there is a symbiotic relationship between the federal defendants and the state such that the challenged action can fairly be attributed to the state." *Id.* at 742-43.

In this case, the FAC alleges that the GOVERNMENT DEFENDANTS were "federal employees who [were] acting in the course and scope of their employment with their respective federal agencies." (ECF No. 11 ¶ 1). The FAC alleges acts by the GOVERNMENT DEFENDANTS during the BLM's Cattle Impoundment Operation and

the prosecution of a federal criminal case. The FAC alleges that the Governor of Nevada, the Clark County Sheriff, and the Assistant Sheriff "took control of the scene [of the standoff between the Bundy family and the BLM] and, through Assistant Clark County Sheriff Joe Lombardo issued orders directing the BLM and the GOVERNMENT DEFENDANTS to wind-down their operation and to release the Bundy family's cows from the cattle pen." (ECF No. 11 ¶ 66). The FAC alleges that BLM Defendant Bogden and BLM Defendant Love "implemented those orders" and "directed federal and state officers to ensure that 'a Bundy,' . . . would pull the pins from the cattle pens." (*Id.* ¶ 67). The FAC alleges that non-party "Margaret Houston, a sister of [non-party] Cliven Bundy, ultimately 'pulled the pin' on the cattle pen and released the cattle." (*Id.* ¶ 68). The FAC alleges that AUSA "Defendants Ahmed, Myhre and Bogden . . . used that physical act to support the GOVERNMENT DEFENDANTS' rogue prosecution of the . . . Tier 2 Plaintiffs." (*Id.*).

The facts alleged in the FAC support an inference that the GOVERNMENT DEFENDANTS were federal employees participating in a federal operation and prosecution. The FAC fails to allege facts linking any action by Defendants Ahmed, Myhre, Brunk, Stover, or Willis to the State of Nevada. The facts alleged in the FAC do not support an inference that BLM Defendant Bogden or BLM Defendant Love, acting on behalf of state officials, caused a violation of the Tier 2 Plaintiff's constitutional rights in "implement[ing]" the orders of the Nevada authorities to "wind-down" the Cattle Impoundment Operation and "release the Bundy family's cows from the cattle pen." (ECF No. 11 ¶¶ 66, 67). The Court concludes that the FAC fails to state a claim under § 1983. The Motion to Dismiss the first claim is granted.[1]

///

///

---

[1] Because the Court has concluded that the FAC fails to state a claim under § 1983, the Court does not address Defendants' contentions that they are entitled to absolute or qualified immunity or that the § 1983 claim is barred by the statute of limitations.

## V. CLAIM 2 – *Bivens* (All Plaintiffs Against GOVERNMENT DEFENDANTS)

Defendants assert that the FAC fails to state a *Bivens* claim. Defendants contend that the FAC makes "blanket allegations" and fails to allege facts "plausibly suggesting each Defendant's direct involvement in a constitutional violation." (ECF No. 44 at 20). Defendants contend that the FAC lumps "multiple independent *Bivens* claims" into a single cause of action that fails to allege a violation of any constitutional right. Defendants contend that Plaintiffs' claims present new contexts for *Bivens* liability, and special factors counsel against extending *Bivens* in this case. Defendants further contend that the *Bivens* claim based on actions during the Cattle Impoundment Operation is barred by the two-year statute of limitations, and Defendants are entitled to absolute and qualified immunity.

Plaintiffs assert that that the FAC sufficiently alleges violations of Plaintiffs' Second, Fourth, and Fifth Amendment rights under *Bivens*. Plaintiffs contend that the FAC "irrefutably details each Defendant's personal participation in the performance of specific unconstitutional acts," including "the fabrication of evidence, obtaining false statements from witnesses, destroying and/or concealing exculpatory evidence which established the Tier 2 Plaintiffs' innocence, intentionally misrepresenting the underlying factual record and the absence of probable cause, and the intentional withholding of *Brady* materials." (ECF No. 52 at 20-21). Plaintiffs contend that the *Bivens* claim based on violations of the Fourth and Fifth Amendments "fall[s] squarely within the context of claims already recognized" under *Bivens*, and "innocent victims, like Plaintiffs[] [], must be afforded the opportunity to pursue judicial recourse to redress [the] wrongs" of prosecutors and federal officers. (ECF No. 52 at 28-29). Plaintiffs further contend that the statute of limitations has not expired for the *Bivens* claim based on the Fourth and Fifth Amendments, and Defendants are not entitled to absolute or qualified immunity.

A *Bivens* claim is the "federal analog" to a § 1983 action, although it is "more limited in some respects." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Analyzing a *Bivens* claim at the pleading stage involves several considerations. First, to state a claim for damages under *Bivens*, a plaintiff must allege that a "federal officer deprived [the plaintiff]

of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). The plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Conclusory allegations that a Defendant or group of Defendants violated a constitutional right are insufficient. *See id.* Second, if the complaint sufficiently alleges a claim, the court must consider whether the extension of a *Bivens* remedy to the claim is appropriate. *See Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

In this case, the FAC alleges one *Bivens* claim premised on several alleged constitutional violations. The FAC identifies the bases for the *Bivens* claim as the First, Fourth, Fifth, and Eighth Amendments.[2] (*See* ECF No. 11 ¶¶ 43, 162 ("Plaintiffs' First, Fourth, Fifth and Eighth Amendment Constitutional rights, under *Bivens*, were deprived . . . .")). Plaintiffs have not opposed the Motion to Dismiss the *Bivens* claim based on violations of the First and Eighth Amendments. (*See* ECF No. 52 at 24 n.25 (Plaintiffs "acknowledge that the statutory time frame to pursue [a *Bivens* claim for violation of the First Amendment] expired before Plaintiffs' initial Complaint was filed."); *see also id.* at 24-30 (contending that the FAC states a *Bivens* claim for violations of the Second, Fourth, and Fifth Amendments)). The Court analyzes whether the FAC states a claim under *Bivens* based on violations of Plaintiffs' Fourth and Fifth Amendment rights.

The *Bivens* claim alleges that the "GOVERNMENT DEFENDANTS . . . fabricated evidence, suborned and provided perjurious testimony, obtained false indictments, unlawfully arrested the Tier 2 Plaintiffs, falsely imprisoned and in-custody [sic] them for twenty-three (23) months and maliciously prosecuted them without probable cause or due process of law." (ECF No. 11 ¶ 157). The *Bivens* claim further alleges that the GOVERNMENT DEFENDANTS conspired to deprive Plaintiffs of their constitutional rights. The *Bivens* claim fails to connect the factual allegations in the FAC to a violation

---

[2] The Second Amendment is not identified in the FAC as a basis for the *Bivens* claim.

of the Fourth or Fifth Amendment. The FAC further fails to allege specific actions by any individual Defendant that violated the Fourth or Fifth Amendment. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640 (9th Cir. 1988) (A complaint that contains the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a)); *see also See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (a complaint that is "prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint"). The Court concludes that the FAC fails to allege facts sufficient to support an inference that any individual Defendant violated Plaintiffs' Fourth or Fifth Amendment rights. The Motion to Dismiss the second claim is granted.[3]

## VI.   CLAIM 3 – Declaratory Relief (All Plaintiffs Against Defendant United States)

Defendant United States asserts that the FAC fails to state a claim for declaratory relief. Defendant United States contends that the nature of a declaration is "dependent on the application of relevant underlying substantive law," and Plaintiffs fail to allege a violation of any substantive law. (ECF No. 44 at 44). Defendant United States contends that the FAC fails to allege "facts that [Plaintiffs] have been prohibited from purchasing, possessing, or otherwise acquiring firearms" and fails to allege "facts supporting [Plaintiffs'] conclusory theory that they are improperly being maintained on [any 'Prohibited Persons'] list." (*Id.* at 46-47). Plaintiffs assert that the FAC sufficiently states a claim for declaratory relief. Plaintiffs contend that "a justiciable controversy exists between Plaintiff and the United States" regarding the placement of Plaintiffs "on secret lists which disqualifies and precludes them from purchasing firearms." (ECF No. 52 at 31).

---

[3] Because the Court has concluded that the FAC fails to state a *Bivens* claim, the Court does not address Defendants' contentions that they are entitled to absolute or qualified immunity or that the statute of limitations has run.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory relief claim "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co.*, 655 F.2d 938, 943 (9th Cir. 1981). "[I]t is the underlying cause of action . . . that is actually litigated in a declaratory judgment action." *Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990)); *see also Team Enters., LLC v. W. Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (declaratory relief is an "additional remedy to litigants," not an independent "theory of recovery"), *aff'd*, 446 F. App'x 23 (9th Cir. 2011).

In this case, the FAC alleges:

> A justiciable controversy exists between Plaintiffs and the United States regarding Plaintiffs' egregious placement and continuing existence on the "Prohibited Persons List" for purchasing or otherwise acquiring a weapon governed by the Gun Control Act, 18 U.S.C. [§] 922(g) (i.e., based upon fabricated evidence and the [Individual] Defendants' egregious branding and characterization of Plaintiffs as "domestic terrorists").

(ECF No. 11 ¶ 166). The FAC alleges that the placement of Plaintiffs on the "Prohibited Persons List" violates Plaintiffs' Second Amendment rights. (*Id.* ¶ 139). The FAC further alleges that 42 U.S.C. § 1988 vests the district courts "with jurisdiction to protect the civil rights of all persons within the United States, and to vindicate same." (*Id.* ¶ 164).

"[Section] 1988 does not create an independent cause of action for the violation of federal civil rights." *Drake v. Obama*, 664 F.3d 774, 785 n.5 (9th Cir. 2011) (citing *Moor v. County of Alameda*, 411 U.S. 693, 703-04 & 704 n.17 (1973)). The FAC fails to allege any "underlying cause of action" against Defendant United States for which declaratory

relief would be an appropriate remedy. *Shell Gulf of Mex.*, 771 F.3d at 636. The Motion to Dismiss the third claim is granted.

### VII. CLAIM 4 – FTCA (All Plaintiffs Against Defendant United States)

Defendant United States contends that the Court lacks subject matter jurisdiction over the FTCA claim, because Plaintiffs failed to exhaust administrative remedies. Defendant United States contends that the original Complaint asserting an FTCA claim was prematurely filed "a mere three days after [Plaintiffs] filed their administrative claims." (ECF No. 44 at 48). Defendant United States contends that "amendment cannot cure" this jurisdictional defect and requests that the Court dismiss the FTCA claim with prejudice. (*Id.* at 50).

Plaintiffs contend that the FTCA claim is properly before the Court, because Plaintiffs exhausted administrative remedies on August 3, 2020, when the United States failed to respond to their administrative claim. Plaintiffs contend that any dismissal of the FTCA claim should be without prejudice, because "forcing Plaintiffs to file a separate lawsuit and then consolidate same with the pending action" would undermine the interests of judicial efficiency and conservation of judicial resources. (ECF No. 52 at 33).

The United States, as a sovereign, can only be sued to the extent it waives its sovereign immunity and consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, (1990). Pursuant to the FTCA, a jurisdictional prerequisite to bringing a tort claim in federal court against the United States for money damages is the filing of an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 518-19 (9th Cir. 1992). Once the administrative claim has been filed, the federal agency has six months to act. *See* 28 U.S.C. § 2675(a). The claimant can file a civil suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed. *See id.* "'The statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six

months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519 (quoting *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974)).

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (dismissing FTCA suit prematurely filed four months before the plaintiff filed an administrative claim); *see also Jerves*, 966 F.3d at 518-20 (dismissing FTCA suit prematurely filed five months after the plaintiff filed an administrative claim). The failure to exhaust administrative remedies before filing an FTCA claim cannot be cured by the subsequent filing of an amended complaint after the administrative claim is denied. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("[A] premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."); *see also Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252 (E.D. Cal. 1993) (holding that the court lacked subject matter jurisdiction where the plaintiff asserted FTCA claims in his original complaint filed before exhaustion, and then sought to amend the complaint after exhaustion); *cf. Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) (distinguishing *Sparrow* and stating, "[t]here is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint *asserting non-FTCA claims* to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." (emphasis added)).

In this case, the FAC alleges that Plaintiffs "timely and properly submitted a Claim for Damage, Injury or Death to the United States and its requisite agencies and, as such, have fully satisfied and exhausted their administrative obligations to present their FTCA claims to the Court." (ECF No. 11 ¶ 182). The FAC alleges no facts that support an inference that the FTCA claim was administratively exhausted before it was filed. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."). Plaintiffs' original Complaint, filed on February 6, 2020, asserted an FTCA claim against the United States

and alleged that "Plaintiffs submitted an Administrative Claim to the Federal Bureau of Investigation, the Bureau of Land Management and to the United States Department of Justice on or about February 3, 2020." (ECF No. 1 ¶ 228). The original Complaint failed to allege facts that support an inference that the FTCA claim was administratively exhausted before it was filed. Plaintiffs fail to allege facts sufficient for the Court to conclude that it has subject matter jurisdiction over the FTCA claim. The fourth claim is dismissed without prejudice.

## VIII. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss First Amended Complaint (ECF No. 44) is granted. The FAC is dismissed without prejudice and with leave to file a motion for leave to amend. No later than thirty (30) days from the date of this Order, Plaintiffs may file any motion for leave to amend.

Dated: January 6, 2022

Hon. William Q. Hayes
United States District Court