MERRICK GARLAND
United States Attorney General
Brock Heathcotte
Arizona State Bar No. 014466
Special Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone: (602) 514-7500
Facsimile:  (602) 514-7693
Brock.Heathcotte@usdoj.gov
*Attorneys for Defendants United States, Ahmed, Myhre, Bogden, Brunk, Stover, and Willis*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Joseph O'Shaughnessy, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America, *et al.,*<br><br>Defendants. | No. 2:20-cv-00268-WQH-EJY<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT (DOC. 68)** |

Defendants submit the following Response to Plaintiffs' Motion for Leave of Court to File Second Amended Complaint (Doc. 68) asking the Court to deny said motion pursuant to Rule 15 of the Federal Rules of Civil Procedure because filing the Proposed Second Amended Complaint would be futile.

**I.    INTRODUCTION**

In their First Amended Complaint ("FAC"), Plaintiffs alleged several claims against multiple defendants, including one claim against the United States under the Federal Tort Claims Act ("FTCA").  The Court dismissed all claims alleged in the FAC, with leave to file a motion to amend.  *See* Doc. 67, at 16. Plaintiffs timely filed a Motion for Leave of Court to File Second Amended Complaint (Doc. 68) which seeks to amend the FAC to reassert a claim under the Federal Tort Claims Act (FTCA).

## II.  BACKGROUND

The Court dismissed Plaintiffs' FTCA claim for lack of subject-matter jurisdiction because neither the original Complaint nor the FAC alleged any facts showing that Plaintiffs exhausted their administrative remedies before filing this lawsuit.  *See id.* at pp. 15–16; Doc. 1.  Specifically, Plaintiffs failed to allege that, before filing this lawsuit on February 6, 2020, their administrative claims were denied, or six months had elapsed between presenting their administrative claims on February 3, 2020, and the filing of this lawsuit on February 6, 2020.  *See* 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) ("'The statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." (quoting *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974))).

Like the original Complaint and the FAC, the PSAC does not allege that Plaintiffs' administrative claims were denied before they filed suit, or that six months elapsed between presenting their administrative claims and filing this lawsuit.  Doc. 68 Ex. 1 ¶¶ 130–132.  Rather, the PSAC alleges that Plaintiffs' administrative claims were deemed denied by operation of law on August 5, 2020—*after* Plaintiffs filed this suit on February 6, 2020.  *Id.* & Doc. 1.[1]  The PSAC only seeks to reassert their FTCA claim against the United States and does not assert any claims against the other defendants named in the FAC.  *See* Doc. 68 Ex. 1 ¶¶ 133–43; *see also F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (explaining that the FTCA "only allows claims against the United States").

## III.  ARGUMENT

"Although district courts should freely give leave to amend when justice so requires, where amendment is futile, leave may be denied." *Korea Kumho Petrochemical Co. v.*

---

[1] At paragraph 131, the PSAC technically reads August 5, 2019. This is a typographical error because administrative claims presented in 2020 cannot be deemed denied in 2019. Plaintiffs' motion itself gives the date as August 5, 2020. Doc 68, at 8 n.5.

- 2 -

*Flexsys Am. LP*, 370 F. App'x 875, 878 (9th Cir. 2010)(citations and internal quotes omitted). "[T]he general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal. Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015)(citations and internal quotes omitted).

Here, leave to amend should be denied as futile because Plaintiffs filed this lawsuit before their administrative claims were denied and before six months elapsed after they presented their administrative tort claims, and thus the Court lacks subject-matter jurisdiction over the sole claim asserted in the PSAC. *See* Doc. 67, at 15 ("A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jerves*, 966 F.2d at 518–20)). The allegations in the PSAC do not and cannot correct this jurisdictional defect, as the Court noted in its order dismissing the FAC. *See id.* ("The failure to exhaust administrative remedies before filing an FTCA claim cannot be cured by the subsequent filing of an amended complaint after the administrative claim is denied."). Accordingly, granting leave to amend would be futile.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Leave of Court to File Second Amended Complaint (Doc. 68) should be denied.

RESPECTFULLY SUBMITTED this February 25, 2022.

        MERRICK GARLAND
        United States Attorney General

        *s/ Brock Heathcotte*
        BROCK HEATHCOTTE
        Special Assistant United States Attorney, Acting Under Authority Conferred by 28 U.S.C. § 515
        *Attorneys for Defendants United States, Ahmed, Myhre, Bogden, Brunk, Stover, and Willis*

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Bret O Whipple
Bret Whipple, Law Office of
1100 S. 10th Street
Las Vegas, NV 89104
702 257-9500
Fax: 702 974-4008
Email: admin@justice-law-center.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Craig A. Marquiz
Marquiz Law Office, P.C.
3088 Via Flaminia Court
Henderson, NV 89052
(702) 263-5533
Fax: (702) 263-5532
Email: marquizlaw@cox.net
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Crane M. Pomerantz, Esq.
SKLAR WILLIAMS PLLC
410 South Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
Telephone:  (702) 360-6000
Facsimile:  (702) 360-0000
*Attorneys for the Defendant Love*


  *s/ Irene Millsaps*
United States Attorney's Office