1

2

*Marquiz Law Office*

Professional Corporation

3

3088 Via Flaminia Court
Henderson, NV 89052

4

Phone: (702) 263-5533
Fax: (702) 263-5532

5

Craig A. Marquiz, Esq.
NV Bar #7437

6

MarquizLaw@cox.net

7

Attorney for Plaintiff

8

9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF NEVADA

11

JOSEPH O'SHAUGHNESSY, individually;
MEL BUNDY, individually; JASON D.

12

WOODS, individually; DAVE BUNDY,
individually; MARYLYNN BUNDY,

13

individually; BRIANA BUNDY, individually;
BRETT ROY BUNDY, individually; MAYSA

14

LYNN BUNDY, individually; DALLY ANNE
BUNDY, individually; BRONCO CLIVEN

15

BUNDY, individually; PAYTON ALMA
BUNDY, individually; PIPER BODEL

16

BUNDY, individually; MONTANA BUNDY,
individually; BENTLIE BUNDY, individually;

17

PRESLY BUNDY, individually; KYMBER
BUNDY, individually; and ADAHLEN

18

BUNDY, individually,

19

Plaintiffs,

20

v.

21

UNITED STATES OF AMERICA; DOES
1 through 100; and ROES 1 through 100,

22

inclusive,

23

Defendants.

Case No.:   2:20-cv-00268-WQH-EJY

**PLAINTIFFS' REPLY
MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR LEAVE OF
COURT TO FILE SECOND
AMENDED COMPLAINT**

24

25

Plaintiffs Joseph O'Shaughnessy, Mel Bundy, Jason D. Woods, Dave Bundy, Marylynn

26

Bundy, Briana Bundy, Brett Roy Bundy and the Bundy minor children (Maysa Lynn Bundy,

27

Dally Anne Bundy, Bronco Cliven Bundy, Payton Alma Bundy, Piper Bodel Bundy, Montana

28

Bundy, Bentlie Bundy, Presly Bundy, Kymber Bundy and Adahlen Bundy), by and through

their undersigned counsel of record, Craig A. Marquiz, Esq. of the Marquiz Law Office, P.C., respectfully submit their Reply Memorandum in Support of their Motion for Leave to file a Second Amended Complaint in this matter.  As detailed in their Motion, Plaintiffs' request should be granted in the interests of justice, fairness and equity pursuant to, without limitation, Fed.R.Civ.P. 15(a) and this Court's Order dated January 6, 2022 (ECF No. 67).  Contrary to the United States' bald suggestion, Plaintiffs' Proposed Second Amended Complaint is not, nor would it be, futile as a matter of law and, thus, Plaintiffs' requested Amendment is appropriate.

Plaintiffs' Reply is supported by the accompanying Memorandum of Points and Authorities, the record herein and any oral argument that may be received on Plaintiffs' Motion.

RESPECTFULLY SUBMITTED this 4th day of March, 2022.

Marquiz Law Office
Professional Corporation

By: /s/ Craig A. Marquiz, Esq.
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Counsel for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

As detailed in Plaintiffs' moving papers, this Court entered its Order regarding the Government Defendants' Motion to Dismiss and Joinder thereto on January 6, 2022 (ECF No. 67).  In that Order, the Court Dismissed Plaintiffs' First Amended Complaint ("FAC") "without prejudice and with leave to file a motion for leave to amend ... within thirty (30) days from the date of [that] Order. *See* Order (ECF No.67) at 16:09-12.  With regard to Plaintiffs' Fourth Claim for Relief (i.e., Plaintiffs' FTCA claims), the Court noted that additional facts were necessary for the Court to conclude that it has subject matter jurisdiction over that claim.

. . .

. . .

2

In accordance with the Court's Order, Plaintiffs timely filed their Motion for Leave to Amend along with their proposed pleading as required by LR 15-1(a). *See* Motion for Leave (ECF No. 68).  As detailed in Plaintiffs' Motion for Leave to Amend, Plaintiffs' proposed pleading contains a single cause of action against Defendant the United States (i.e., Plaintiffs' proposed FTCA claims); the proposed new caption; allegations regarding Plaintiffs' former 42 U.S.C. § 1983, *Bivens* and declaratory relief claims have been removed; new averments and/or changes from Plaintiffs' prior pleading are identified in bold and italicized writing; and the former individually-named defendants (previously identified collectively as "GOVERNMENT DEFENDANTS" are now referenced collectively as the "GOVERNMENT EMPLOYEES" to signify their status as federal employees acting in their official capacities and within the scope and course of their employment with the United States and its applicable federal agencies. *Id*.; *see also* Exhibit 1 thereto.

On February 28, 2022, the United States filed its Response to Plaintiffs' Motion to Amend Complaint ("Response"). *See* ECF No. 69.  In its Response, the United States limits its argument one misplaced issue; that is, the claimed futility of Plaintiffs' Proposed Amendment.  Notably, as detailed below, leave to amend is solely within the discretion of the Court and, to that end, "[d]enial of leave to amend on [grounds of futility is] rare." *Steward v. CMRE Financial Services, Inc.*, 2015 WL 6123402 at *2 (D.Nev. 2015); *see also Netbula, LLV v. Distinct Corp.*, 212 F.R.D. 534, 538-30 (2003) (N.D.Cal. 2003)).  "Deferring [a] ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss." *Steward*, 212 F.R.D. at *2 (*citing In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F.Supp. 2d 1129, 1135-36 (N.D.Cal. 2008)).  Notwithstanding that general rule, however, the United States' futility argument (whether raised in opposition to Plaintiffs' pending Motion for Leave to Amend or in connection with a subsequent motion to dismiss) is misplaced as Plaintiffs' Proposed Amendment is a new complaint and, as such, it must be evaluated in its own right as a matter of law.

. . .

. . .

3

## II. **Plaintiffs' Proposed Amendment Is Not Futile**

In Defendant's Response to Plaintiffs' Motion for Leave to Amend ("Response"), the United States baldly asserts that Plaintiffs request for "leave to amend should be denied as futile because Plaintiffs filed this lawsuit before their administrative claims were denied and before six months elapsed after they presented their administrative tort claims," thereby depriving this court of subject-matter jurisdiction. *See* Response at 3:07-10.  In advancing this argument, however, the United States expressly ignores a basic pleading tenet of Rule 15, FRCP.  Namely, when an amended complaint is filed, "the new complaint is the only operative complaint before the district court." *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035, 1043 (9th Cir. 2018) (*citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function and is treated thereafter as non-existent[.]")); *see also* LR 15-1(a) ("The proposed amended pleading must be complete in and of itself without reference to the superseded pleading ...."). "Thus, when an original complaint is dismissed ..., [an] amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits ...." *Id.*

Accordingly, with this basic pleading principle in mind, an evaluation of Plaintiffs' "new complaint," (i.e., its Proposed Second Amended Complaint) unequivocally reveals:

> 130. ***Pursuant to 28 U.S.C. § 1346(b), PLAINTIFFS' timely and properly submitted a Claim for Damage, Injury or Death to the UNITED STATES and its requisite agencies*** (i.e., the Federal Bureau of Investigation, the Bureau of Land Management and the United States Department of Justice on or about February 3, 2020), including, without limitation, an administrative tort claim demand package to the U.S. Department of Justice, Civil Division, Torts Branch, Federal Tort Claims Act Section ("FTCA Section") ***which the U.S. Department of Justice acknowledged had all been received by February 6, 2020***. (Emphasis Added)
>
> 131. ***Since the FTCA Section did not act within six (6) months (i.e., by August 5, 20[20]***,[1] its failure to issue a decision is treated as a final decision, enabling Plaintiffs here to proceed with their claims against the United States as of that date. *See* 38 U.S.C. § 2675(a). (Emphasis Added).

---

[1]     As the United States notes, the "2019" reference contained in paragraph 131 of Plaintiffs Proposed Second Amended Complaint is a clerical / typographical error and same should reflect the year "2020."  Plaintiffs, with the Court's permission, respectfully request leave to correct this clerical / typographical error at the time of filing its Second Amended Complaint.

132.    ***Plaintiffs, therefore, at the time of filing this pleading, have fully satisfied and exhausted their administrative obligations to present their FTCA claims to the Court and, as such, their FTCA Claims are properly before the Court, this Court possesses exclusive subject matter jurisdiction over same, and they are ripe for adjudication***. (Emphasis Added).

*See* Plaintiffs' Proposed Second Amended Complaint at ¶¶ 130-132.  Consequently, Plaintiffs' Proposed pleading *was not* filed before Plaintiffs' administrative claims were denied nor before six months had elapsed after Plaintiffs had presented their administrative claims. *See* Response at 3:7-10.  As such, the United States reliance on *McNeil* and *Jerves* is misplaced as both cases are readily distinguishable and, inapposite with regard to Plaintiffs' Proposed Amendment.

As the Court noted in its Order regarding the Government Defendants' prior Motion to Dismiss, "[a] lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed." *See* Order, ECF No. 67 at 15:03-07 (*citing McNeil v. United States*,[2] 508 U.S. 106, 113 (1993) and *Jerves v. United States*,[3] 966 F.2d 517, 518-20 (9th Cir.

---

[2]    In *McNeil*, a prisoner initiated an FTCA claim in the U.S. District Court for the District of Illinois on March 6, 1989 alleging that the U.S. Public Health Service had caused him serious injuries while conducting human research and experimentation on prisoners while he was in the custody of the Illinois Department of Corrections. 508 U.S. at 107.  Four months later, on July 7, 2919, McNeil submitted an administrative claim for damages with the Department of Health and Human Services ("DHHS"). *Id.* at 108.  Although that claim was denied by DHHS two (2) weeks later on July 21, 1989, *McNeil* requested that the District Court accept the DHHS denial letter as proof that his legal action could properly commence. *Id.*  McNeil, however, did not serve the United States with a copy of the underlying complaint until July 30, 1990. *Id.* at 108-09.  The United States subsequently moved to dismiss the complaint on the ground that McNeil's action was barred by the 6-month statute of limitation. *Id.* at 108.  The District Court granted the Government's motion to dismiss, noting that McNeil's suit was not out of time, but rather premature. *Id.* at 109.  In its ruling, the District Court concluded that it lacked jurisdiction to entertain an action commenced before satisfaction of the administrative exhaustion requirement under § 2675(a). *Id.*  The Court of Appeals for the Seventh Circuit affirmed. *Id.*  The U.S. Supreme Court, due to a conflict among the Circuits regarding dismissal of prematurely filed FTCA actions, granted certiorari to resolve that conflict. *Id.* at 110.  The Supreme Court affirmed, noting that the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.

[3]    On September 1, 1987, after falling and breaking her leg at the Pearl Harbor Naval Base Commissary, Jerves filed an administrative claim with the United States Naval Legal Service Office on August 8, 1989. 966 F.2d at 518.  Less than five months later, on December 28, 1989, Jerves filed an action against the United States in the United States District Court for the District of Hawaii. *Id.*  On October 26, 1990, the district court dismissed the suit for lack of subject matter jurisdiction and, thereafter, Jerves filed an appeal with the Ninth Circuit. *Id.*  The Ninth Circuit affirmed, concluding that Jerves commenced her action before receiving the NLSO's final denial of her claim, and without allowing six months from the date of her initial

1   1992)).  Notably, as the Court confirmed, "[a] premature complaint cannot be cured through

2   amendment, but instead, [a] plaintiff must file a new suit."[4] *Id*.

3         As the underlying record establishes, the Court here dismissed Plaintiffs' First Amended

4   Complaint without prejudice and, upon entry of that Order (ECF No. 67), there was no Complaint

5   pending before the Court.  Consequently, Plaintiffs' Proposed Complaint (Exhibit 1 to ECF No.

6   68) constitutes a "new complaint" – one which for which the interests of justice, equity and

7   fairness mandate that Leave to Amend be granted so that Plaintiffs' FTCA claims against the

8   United States can be tried on the merits.[5]

9   **III.   Leave to Amend is Appropriate**

10        As detailed in Plaintiffs' moving papers, "[l]eave [to amend] shall be freely given when

11  justice so requires." Fed.R.Civ.P. 15(a).  "In the absence of any apparent or declared reason - such

12  as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

13  deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

14  of allowance of the amendment, futility of the amendment, etc. - the leave sough should, as the

15  rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). To that end, having

16  established that the United States "futility" argument is without merit, leave to amend is

17  appropriate.

18  ─────────────────

19  administrative filing. *Id* at 519.

20      [4]   *Citing* "*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *citing Sparrow*

21  *v. U.S. Postal Serv.*, 825 F.Supp. 252 (E.D.Cal 1993) ... and *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) (distinguishing *Sparrow* and stating, "[t]here is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint *asserting non-*

22  *FTCA claims* to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted.' (emphasis added)." Order, ECF No. 67 at 15:03-

23  07-19.

24      [5]   Notably, "the purpose of pleading is to facilitate a proper decision on the merits."

25  *Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  The strong policy permitting amendment is to be applied with "extreme liberality."

26  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  To that end, the Court

27  directed Plaintiffs to file a Motion for Leave to Amend and to provide additional factual averments confirming this Court's possession of subject matter jurisdiction (which Plaintiffs

28  have done).  Thus, Plaintiffs' new Complaint is properly before the Court and, to that end, their FTCA Claims against the United States are ripe for adjudication.

1       Notably, at this juncture: (1) Plaintiffs' have exhausted their administrative remedies with

2  respect to their FTCA claims; (2) Plaintiffs' proposed Complaint provides the Court with the

3  additional factual averments necessary to confirm an inference that said claims are

4  administratively exhausted; and (3) the existence of subject matter jurisdiction is evident from the

5  factual allegations set forth therein.  Thus, leave to amend should be granted and, in that regard,

6  Plaintiffs should be permitted to file their new Complaint as a matter of law.

7  **IV.**   **Conclusion**

8       Based upon the foregoing, Plaintiffs respectfully request that their Motion for Leave to

9  Amend be granted and that they be permitted to proceed with their FTCA claims against the

10  United States as detailed in their proposed Second Amended Complaint.  In particular, since

11  Plaintiffs have fully exhausted their administrative remedies (i.e., having properly and validly

12  served the United States and its requisite agencies with an administrative demand packet; the

13  United States having failed to respond thereto within six (6) months; and Plaintiffs' having set

14  forth additional factual averments which unequivocally confirm, at this juncture, an inference that

15  said claims were administratively exhausted), the Court, irrefutably possesses exclusive subject

16  matter jurisdiction over same as a matter of law.  Consequently, permitting Plaintiffs' proposed

17  Amendment is appropriate and such recognition will further the express mandate of Rule 1,

18  Fed.R.Civ.P. (i.e., to construe, administer and employ the Federal Rules of Civil Procedure to

19  "secure the just, speedy, and inexpensive determination of every action and proceeding)."

20       RESPECTFULLY SUBMITTED this 4th day of March, 2022.

21                        ♦

22               Marquiz Law Office
           Professional Corporation

23                        ♦

24       By: /s/ Craig A. Marquiz, Esq.
        Craig A. Marquiz, Esq.

25          3088 Via Flaminia Court
        Henderson, NV 89052

26

27

28

1

## **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that, on this 4th day of March, 2022, he electronically

3   filed Plaintiffs' Motion for Leave with the Clerk of the Court with a copy of same electronically

4   served upon all counsel of record:

5

6                                         Craig A. Marquiz, Esq.
                                          Craig A. Marquiz, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28