UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, individually; MEL BUNDY, individually; JASON D WOODS, individually; DAVE BUNDY, individually; MARYLYNN BUNDY, individually; BRIANA BUNDY, individually; BRETT ROY BUNDY, individually; MAYSA LYNN BUNDY, individually; DALLY ANN BUNDY, individually; BRONCO CLIVEN BUNDY, individually; PAYTON ALMA BUNDY, individually; MONTANA BUNDY, individually; PEPER BODEL BUNDY, individually; BENTILE BUNDY, individually; PRESLY BUNDY, individually; KYMBER BUNDY, individually; and ADAHLEN BUNDY, individually, <br><br>                                    Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; NADIA AHMED, | Case No.:  2:20-cv-268-WQH-EJY <br><br> **ORDER** |

individually and in her Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; STEVEN MYHRE, individually and in his Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; DANIEL BOGDEN, individually and in his Official Capacity as an Assistant United States Attorney for the U.S. Department of Justice; DANIEL P LOVE, individually and in his Official Capacity as Officer for the U.S. Bureau of Land Management; MARK BRUNK, individually and in his Official Capacity as Special Agent for the U.S. Bureau of Land Management; RAND STOVER, individually and in his Official Capacity as Officer for the U.S. Bureau of Land Management; JOEL WILLIS, individually and in his Official Capacity as an Officer and Agent of the U.S. Federal Bureau of Investigation; DOES 1 through 100; and ROES 1 through 100, inclusive,

                                                  Defendants.

HAYES, Judge:

      The matter before the Court is the Motion for Leave of Court to File Second Amended Complaint filed by all Plaintiffs. (ECF No. 68).

**I.    BACKGROUND**

      On February 6, 2020, Plaintiffs Jason O'Shaughnessy, Jason D. Woods, Dave Bundy, Marylynn Bundy, Mel Bundy, Briana Bundy, Brett Roy Bundy, and ten Bundy minor children initiated this action by filing a Complaint against several Defendants, including the United States of America. (ECF No. 1). Plaintiffs alleged numerous claims

against Defendants in their individual and official capacities under federal law, arising from the alleged deprivation of Plaintiffs' constitutional rights. Plaintiffs also alleged a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*., against the United States. In support of the FTCA claim, Plaintiffs alleged that they submitted an administrative claim on February 3, 2020, i.e., three days prior to filing the Complaint. (ECF No. 1 at 45, ¶ 228).

On May 20, 2020, Plaintiffs filed a First Amended Complaint ("FAC") as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (ECF No. 11). Plaintiffs again asserted an FTCA claim against the United States and numerous other claims against individual Defendants.

On September 22, 2020, Defendants filed a Motion to Dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 44, 46). The Court received briefing from all parties (ECF Nos. 52, 56) and conducted oral argument on November 19, 2021 (ECF No. 65).[1] On January 6, 2022, the Court issued an Order granting the Motion Dismiss and dismissing the FAC without prejudice in its entirety. (ECF No. 67). With respect to the FTCA claim, the Court stated that the original Complaint and the FAC "failed to allege facts that support an inference that the FTCA claim was administratively exhausted before it was filed," and therefore "Plaintiffs fail to allege facts sufficient for the Court to conclude that it has subject matter jurisdiction over the FTCA claim." (*Id*. at 16).

On February 5, 2022, Plaintiffs filed the Motion for Leave of Court to File Second Amended Complaint, accompanied by a proposed Second Amended Complaint ("SAC"). (ECF No. 68). The proposed SAC names a single Defendant, the United States, and asserts a single claim pursuant to the FTCA. The proposed SAC alleges that Plaintiffs submitted an administrative claim to the United States on February 3, 2020 and "[s]ince the FTCA

---

[1] The undersigned was designated to preside over this case on August 30, 2021. (ECF No. 62).

Section [of the U.S. Department of Justice] did not act within six (6) months (i.e., by August 5, 20[20]), its failure to issue a decision is treated as a final decision, enabling Plaintiffs here to proceed with their claims against the United States as of that date." (*Id.* at 49, ¶ 131).

On February 25, 2022, the United States filed a Response in opposition to the Motion for Leave of Court to File SAC. (ECF No. 70). The United States contends:

> [L]eave to amend should be denied as futile because Plaintiffs filed this lawsuit before their administrative claims were denied and before six months elapsed after they presented their administrative tort claims, and thus the Court lacks subject-matter jurisdiction over the sole claim asserted in the [proposed] SAC. The allegations in the [proposed] SAC do not and cannot correct this jurisdictional defect….

(*Id.* at 3).

On March 4, 2022, Plaintiff filed a Reply. (ECF No. 71). Plaintiffs contend that "Plaintiffs' Proposed [SAC] constitutes a 'new complaint'—one which for which the interests of justice, equity and fairness mandate that leave to amend be granted so that Plaintiffs' FTCA claims against the United States can be tried on the merits." (*Id.* at 6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The Supreme Court has identified several factors courts should consider when deciding whether to grant leave to amend "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he general rule that parties are allowed to amend their pleadings does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Novak v. United States*, 795 F.3d

1012, 1020 (9th Cir. 2015) (quotation omitted). "Futility alone can justify a court's refusal to grant leave to amend." *Id*. (citation omitted).

## III.  DISCUSSION

The United States, as a sovereign, can only be sued to the extent it waives its sovereign immunity and consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, (1990). "The FTCA waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing, *inter alia*, 28 U.S.C. §§ 1346, 2671-80). "Before a plaintiff can file an FTCA action in federal court, … he must exhaust the administrative remedies for his claim." *Id*. (citing 28 U.S.C. § 2675(a)). An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. *See* 28 U.S.C. § 2675(a). "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L.*, 858 F.3d at 1244 (citation omitted).

"In general, the FTCA's exhaustion requirement demands that a plaintiff exhaust his administrative remedies before he files an FTCA claim in federal court." *Id*. at 1245. This general rule was established in *McNeil v. United States*, 508 U.S. 106 (1993), wherein the Supreme Court held that a prematurely filed FTCA lawsuit must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before "substantial progress" has occurred in the case. *Id.* at 110. The Court stated that "[t]he most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112; *see also id*. ("Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims."). "Because the [FTCA's exhaustion] requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign

immunity. Any such waiver must be strictly construed in favor of the United States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quotation omitted).

There are limited exceptions to *McNeil*'s general rule. Courts may grant leave to amend "an existing complaint asserting *non-FTCA claims* to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) (emphasis added). Similarly, in *D.L.*, the Court of Appeals concluded that the district court erred in dismissing an FTCA claim on exhaustion grounds in a case that had been removed from state court after an earlier remand. *See id.* at 1244. The plaintiff in *D.L.* had exhausted his administrative remedies before amending his complaint in state court and then removing the case to federal court for a second time. *Id.* at 1245. The Court of Appeals held that the district court had jurisdiction over the FTCA claim, stating that the second removal was not "a continuation of the federal case initiated by the first"; instead, "the second removal actually constituted a new federal case, with a new case number and a new docket in the federal district court." *Id.* at 1246. In *Valadez-Lopez* and *D.L.*, the Court of Appeals distinguished cases such as *McNeil*, in which a court lacks jurisdiction because the plaintiff "filed *an FTCA lawsuit* before exhausting his or her FTCA administrative remedies." *Valadez-Lopez*, 656 F.3d at 856 (emphasis in original); *see D.L.*, 858 F.3d at 1246 (stating that dismissal was not required because "the district court, unlike the court in *McNeil*, did not retain jurisdiction over the premature FTCA complaint until it ripened upon administrative exhaustion").

In this case, Plaintiffs asserted an FTCA claim and named the United States as a Defendant in the original Complaint and in the FAC. Plaintiffs filed the Complaint in this Court three days after filing their administrative claim, prior to denial and well short of the statutory six-month waiting period. Plaintiffs are not seeking to amend "an existing complaint asserting *non-FTCA claims* to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Valadez-Lopez*, 656 F.3d at 856 (emphasis added). Granting leave to amend will not "constitute[] a new

federal case, with a new case number and a new docket in the federal district court." *D.L.*, 858 F.3d at 1246. This case falls within the "general rule [that] a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting *Sparrow v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993)); *see id.* ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."); *see also McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion ... before invocation of the judicial process.").

The Court finds that the proposed SAC "would also be subject to dismissal" for failure to comply with the FTCA's exhaustion requirement prior to the assertion of an FTCA claim in this action. *Novak*, 795 F.3d at 1020. Accordingly, the Motion for Leave of Court to File Second Amended Complaint is denied.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave of Court to File Second Amended Complaint is denied. (ECF No. 68). This action is dismissed without prejudice. The Clerk of the Court shall close the case.

Dated: April 28, 2022

Hon. William Q. Hayes
United States District Court